# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff/Respondent,<br>　　v.<br><br>RONALD TYRONE SLATER,<br><br>　　　　　　　　Defendant/Petitioner. | CIVIL CASE NO. 07CV832 J<br>CRIM CASE NO. 05CR1626 J<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Ronald Tyrone Slater's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed pursuant to 28 U.S.C. § 2255. [Doc. No. 1.] "A prisoner in custody under sentence of a court . . . claiming . . . that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (2005). For the reasons set forth below, the Court **DENIES** Petitioner's Petition with prejudice.

*Background*

On June 15, 2005, Petitioner drove a car concealing approximately 6.43 kilograms of methamphetamine from Mexico to the United States through the Calexico West California Port of Entry. (Plea Agreement at 2.)

On September 16, 2005, a federal grand jury returned a two-count indictment

against Petitioner. [Doc. No. 1.]  Count one charged Petitioner with importation of methamphetamine in violation of 21 U.S.C. §§ 952 and 960.  [*Id.*]  Count two charged Petitioner with possession of methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).  [*Id.*]  On January 13, 2006, Petitioner pled guilty to count one of the indictment.  [Doc. No. 18.]  On May 15, 2006, this Court sentenced Petitioner to 130 months in custody and five years of supervised release.  [Doc. No. 21.]

On May 8, 2007, Petitioner filed a 28 U.S.C. § 2255 motion claiming that the Court's imposition of supervised release constituted double jeopardy and violated his constitutional rights.  (*See* Pet. at 1.)  Petitioner also claimed that he received ineffective assistance of counsel because his attorney's improper application of the law resulted in a longer sentence.  (*See id.* at 13.)

## *Discussion*

After reviewing the Petition and the Government's opposition, the Court **DENIES** the Petition because: (1) Petitioner waived his right to collateral attack; (2) Petitioner has failed to demonstrate that his term of supervised release was unconstitutional; and (3) Petitioner was not denied his right to counsel.

**I.    Waiver of Right to Collaterally Attack Sentence**

The Government contends that Petitioner waived his right to collaterally attack his sentence when he entered into the Plea Agreement.  (Gov't Resp. at 3.)  In support of this argument, the Government provides evidence that Petitioner knowingly and voluntarily executed the Plea Agreement.  (*Id.* at 4.) Petitioner does not address the Government's argument that he voluntarily entered into the Plea Agreement.  Rather, he argues that the waiver of his right to collateral attack is unenforceable because he "receive[d] a sentence greater than the high end of the guideline range."  (Traverse at 2.)

Petitioner's waiver of his right to collateral attack is enforceable if: (1) he knowingly and voluntarily entered into the plea agreement; (2) the plea agreement encompassed his right to collateral attack; and (3) the conditions of the plea agreement have been met.  *See United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996).

**A.  Petitioner Knowingly and Voluntarily Entered Into the Plea Agreement**

The Government contends that the Plea Agreement was made knowingly and voluntarily.  A court determines whether a petitioner knowingly and voluntarily entered into a plea agreement by "look[ing] to the circumstances surrounding the signing and entry of the plea agreement." *Baramdyka*, 95 F.3d at 843.

Here, the circumstances surrounding the signing and entry of the Plea Agreement indicate that Petitioner's waiver was knowing and voluntary.  The Court asked Petitioner a series of questions to determine whether Petitioner understood the terms of the Plea Agreement:

> THE COURT: Are you doing this freely and voluntarily?
> THE DEFENDANT: Yes, Sir, Your Honor.  I am accepting full responsibilities for my actions.
> THE COURT: Do you believe you have had enough time to discuss your case with Mr. McMullan?
> THE DEFENDANT: Yes, Sir.
> THE COURT: Other than what is in this Plea Agreement, has anyone made any promises to you in order to get you to plead guilty?
> THE DEFENDANT: No, Sir, Your Honor.

(Rep. Tr. at 12.)

The Court also asked Petitioner whether he understood that by signing the agreement, he waived his right to collateral attack.  (*Id.* at 15).  Petitioner responded, "Yes, Sir, Your Honor."  (*Id.*)  Furthermore, this Court specifically asked Petitioner if he was threatened or placed under duress to sign the Plea Agreement, and Petitioner responded that he was not.  (*Id.* at 11.)  Petitioner also stated that he had all of the terms of the Plea Agreement explained to him:

> THE COURT: Before you put your signature on those spots, did you have read and have explained to you all of the statements and answers that are in the agreement as well as the declaration?
> THE DEFENDANT: Yes, Sir.
> THE COURT: Do you have any questions about it?
> THE DEFENDANT: No, Sir, Your Honor.

(*Id.* at 7.)

Section VI of the Plea Agreement also supports the Government's argument that Petitioner knowingly and voluntarily entered into the Plea Agreement:

> Defendant represents that: (a) Defendant has had a full opportunity to discuss all

> the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea; (b) no one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the court; (c) no one has threatened defendant or defendant's family to induce this guilty plea; and (d) defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

(Plea Agreement at 4.)

The Plea Agreement and the record of the disposition hearing demonstrate that the terms of the Plea Agreement were explained to Petitioner, and Petitioner understood those terms. The Court thus **FINDS** that Petitioner knowingly and voluntarily entered into the Plea Agreement.

### B. The Waiver Encompassed Petitioner's Right to Collateral Attack

The Government contends that the language of the Plea Agreement clearly waived Petitioner's right to collateral attack. Generally, courts will enforce a waiver of the right to collateral attack if the language of the waiver encompasses a petitioner's right to attack his sentence on the grounds claimed. *See United States v. Martinez*, 143 F.3d 1266, 1270-71 (9th Cir. 1998). Here, Section XI of the Plea Agreement provides as follows:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence greater than the high end of the guideline range (or statutory mandatory minimum term, if applicable) recommended by the Government pursuant to this agreement at the time of sentencing.

(*Id.* at 7.) The plain language of the Plea Agreement provided that Petitioner "waive[d], to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence."[1] (Plea Agreement at 7.) Accordingly, the Court **FINDS** that the waiver encompassed Petitioner's right to collateral attack.

### C. All Conditions of the Plea Agreement Have Been Met

The Court next examines whether Petitioner's sentence conformed with the terms of

---

[1] The Plea Agreement did permit Petitioner to appeal his sentence if the Court found that he was a career offender. (Plea Agreement at 7.) However, the Court did not find that Petitioner was a career offender. (Rep. Tr. at 21.) Therefore, the provision permitting Petitioner to appeal did not become operative.

the Plea Agreement.  Petitioner's waiver of the right to collateral attack was conditioned upon the Court not imposing a sentence greater than the high end of the guideline range. At sentencing, the Government recommended a total adjusted offense level of 27, which was in accordance with the Plea Agreement.  (Rep. Tr. at 29.)  Further, the Government recommended a guideline range of 130 to 163 months in custody and a five-year period of supervised release, which was consistent with the terms of the Plea Agreement.  (*Id.*)  The Court sentenced Petitioner to the recommended 130 months in prison and five years of supervised release.  [*See* Doc. No. 21.]  Petitioner claims that he received a sentence of 190 months, and that the Court did not sentence him in accordance with the conditions of the Plea Agreement.  (Traverse at 2.)  However, this assertion is incorrect because Petitioner was not sentenced to 190 months in custody, but instead was sentenced to 130 months in custody and five years of supervised release.  Because the Court sentenced Petitioner within the low-end range recommended by the Government, the Court **FINDS** that the conditions of the Plea Agreement were met.

In sum, all of the requirements necessary to establish waiver of the right to collateral attack have been meet: (1) Petitioner knowingly and voluntarily entered into the Plea Agreement; (2) the waiver encompassed his right to collateral attack; and (3) Petitioner was sentenced in accordance with the Plea Agreement.  Accordingly, the Court **FINDS** that Petitioner waived his right to collateral attack.

**II.     The Court's Imposition of Supervised Release is Constitutional**

Even if Petitioner had not waived his right to collateral attack, his Petition fails on the merits.  Petitioner contends that supervised release violates his Fifth and Sixth Amendment rights.  (Pet. at 1.)  Specifically, Petitioner states that "supervised release has been imposed upon the [Petitioner] as a separate punishment, in and of itself, as a separate type of restraint of liberty.  A separate punishment after the [Petitioner] has already served his sentence.  Double punishment is Double Jeopardy." (*Id.* at 2.)

Contrary to Petitioner's assertion, supervised release is part of his original sentence, and thus does not constitute double jeopardy.  *See United States v. Montenegro-Rojo*, 908

1  F.2d 425, 432 (9th Cir. 1990).  Congress' primary objective in creating the supervised
2  release regime "was to authorize a period of supervision, and perhaps imprisonment,
3  beyond what is provided by the sentencing guidelines and substantive criminal laws."
4  *United States v. Soto-Olivas*, 44 F.3d 788, 790 (9th Cir. 1995).  Accordingly, "the entire
5  sentence, including the period of supervised release, is the punishment for the original
6  crime."  *Id.*

7  Petitioner pled guilty to 21 U.S.C. § 960, which carried a mandatory five-year term
8  of supervised release.  *See* 21 U.S.C. § 960 (2005) ("[A]ny sentence under this paragraph,
9  shall . . . impose a term of supervised release of at least 5 years . . . .").  The plain language
10 of 21 U.S.C. § 960 provides that supervised release must be part of any sentence imposed
11 under the statute.  Because the statute that Petitioner violated explicitly mandates the
12 imposition of supervised release, Petitioner's argument that supervised release constitutes
13 double jeopardy is without merit.

14 In sum, Petitioner's argument fails because the Ninth Circuit has found that
15 supervised release is constitutional and is part of the original sentence that is executed
16 when a defendant is returned to custody for violating the terms of his release.  Therefore,
17 this Court **FINDS** that Petitioner has failed to demonstrate that supervised release violates
18 his Fifth and Sixth Amendment rights.

19 **III.    Ineffective Assistance of Counsel**

20 Petitioner states that he received ineffective assistance of counsel because he was
21 "sentenced to more time than he should have."  (Pet. at 13.)  Petitioner also contends that
22 his attorney improperly applied the law.  (*Id.*)  In opposition, the Government argues that
23 there is no basis to conclude that Petitioner's attorney was ineffective in advising
24 Petitioner.  (Gov't Resp. at 10.)

25 In general, a defendant who pleads guilty to a criminal charge may not later seek
26 federal habeas corpus relief on the basis of pre-plea constitutional violations.  *Hudson v.*
27 *Moran*, 760 F.2d 1027, 1029-30 (9th Cir. 1985).  He may, however, attack the voluntary
28 and intelligent character of the plea by demonstrating that the advice he received from

counsel did not constitute effective representation. *Id.* A defendant challenging a guilty plea for ineffective assistance of counsel must establish that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). In order to demonstrate prejudice in the plea context, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty but would have insisted on going to trial. *Id.* at 59; *Baramdyka*, 95 F.3d at 844.

Petitioner does not argue that ineffective assistance of counsel rendered his waiver involuntary. Rather, he merely asserts that his sentence should have been shorter. Because Petitioner's ineffective assistance of counsel claim does not challenge the validity of the Plea Agreement, the Court **FINDS** that it is barred by Petitioner's waiver of his right to collateral attack. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005). Even if the claim was not barred by waiver, Petitioner has failed to demonstrate that counsel's performance was deficient or prejudicial, as discussed below.

### A. Counsel's Performance Was Not Deficient

The Court first addresses whether counsel's performance was deficient. Petitioner claims that his counsel's performance was deficient because he received a longer sentence than he should have. (Pet. at 13.) Petitioner also claims that counsel inappropriately applied the law. (*Id.* at 13.) Petitioner must demonstrate that "counsel made errors so serious that he was not functioning as 'counsel.'" *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Counsel's performance was not deficient because the record indicates that Petitioner's counsel adequately explained the terms of the Plea Agreement:

> THE COURT: Before you put your signature on those spots, did you have read and have explained to you all of the statements and answers that are in the agreement as well as the declaration?
> THE DEFENDANT: Yes, Sir.
> THE COURT: Do you have any questions about it?
> THE DEFENDANT: No, Sir, your Honor.
> THE COURT: You understand, by placing your signature in those locations, all of the statements and answers in the agreement, as well as the declaration, become your statements and answers?
> THE DEFENDANT: Yes, Sir.

(Rep. Tr. at 7.) Similarly, the Plea Agreement stated that Petitioner "has discussed the

terms of this agreement with defense counsel and fully understands its meaning and effect." (Plea Agreement at 9.)  Furthermore, Petitioner's counsel argued before the Court that Petitioner was not a career offender, which enabled Petitioner to obtain a reduced sentence. (Rep. Tr. at 23.)  Because Petitioner has failed to set forth specific facts indicating that counsel's performance fell below an objective standard of reasonableness, the Court **FINDS** that the performance of Petitioner's counsel was not deficient.

### B. Counsel's Performance Was Not Prejudicial

The Court next examines whether Petitioner has demonstrated that counsel's performance was prejudicial.  Petitioner must establish that his counsel's alleged "ineffective performance 'affected the outcome of the plea process . . . [such] that absent the erroneous advice, he would have insisted on going to trial.' " *Baramdyka,* 95 F.3d at 844 (quoting *Hill*, 474 U.S. at 58).

As previously discussed by the Court, the text of the Plea Agreement and Petitioner's statements during the disposition hearing suggest that Petitioner entered into the Plea Agreement knowingly and voluntarily.  In addition, Petitioner's plea ultimately resulted in a sentence of 130 months in custody.  [Doc. No. 21.]  Without a plea agreement, Petitioner would have faced a sentence of life in prison. (Rep. Tr. at 10.)  These facts preclude a reasonable claim that absent counsel's deficient performance, Petitioner would have insisted on going to trial.   Because Petitioner has failed to include specific information in his Petition regarding how his counsel was ineffective, this Court **FINDS** that Petitioner has failed to show that his counsel's performance prejudiced his defense. Accordingly, the Court **DENIES** Petitioner's claim of ineffective assistance of counsel.

### IV.   Evidentiary Hearing

A district court may not deny a section 2255 petition without a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  In order for Petitioner to qualify for an evidentiary hearing, he must "make specific factual allegations which, if true, would entitle him to relief."  *Baumann v. United States,* 692 F.2d 565, 571 (9th Cir. 1982).  "[N]o hearing is

required if the allegations, viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. " *Shah v. United States,* 878 F.2d 1156, 1158 (9th Cir. 1989) (internal quotations omitted).

Here, Petitioner's section 2255 Petition and the record show that Petitioner is not entitled to relief on his claims that his counsel was ineffective or that supervised release is unconstitutional.  Furthermore, there is no factual dispute for which an evidentiary hearing would be needed to develop the record.  The Court therefore **FINDS** that Petitioner does not qualify for an evidentiary hearing.

### *Conclusion*

For the reasons set forth above, the Court **DENIES** Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

DATED:  August 14, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All Parties